MYERS, PERRY, OSSMAN AND COPE-LAND, P. C., a Professional Corporation, Plaintiff-Respondent,

v.

CARDINAL SCALE MANUFACTURING COMPANY, a Missouri Corporation, Defendant-Appellant.

No. 12024.

Missouri Court of Appeals, Southern District, Division Two.

April 13, 1981.

David L. Taylor, William C. Myers, Jr. & Associates, P. C., Webb City, for plaintiff-respondent.

Warren S. Stafford, Taylor, Stafford & Woody, Springfield, for defendant-appellant.

BILLINGS, Judge.

Suit by legal professional corporation to recover attorney fees for services rendered. The trial court found the issues in favor of plaintiff and entered judgment. Defendant contends the account was paid and questions plaintiff's standing to sue. We affirm.

Our review is governed by *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976), and the judgment is to be affirmed unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. We defer to the trial judge on the credibility of the witnesses and his resolution of conflicting testimony. Rule 73.01, V.A. M.R.; *Dambach v. James,* 587 S.W.2d 640 (Mo.App.1979); *Dickey v. Johnson,* 532 S.W.2d 487 (Mo.App.1975). No findings of fact or conclusions of law were requested or made and we deem all factual issues to have been found in accordance with the result reached. *Stamme v. Stamme,* 589 S.W.2d 50 (Mo.App.1979).

We have reviewed the record, viewed the exhibits, and read the briefs of the parties.

There is no dispute plaintiff, a professional corporation in good standing, performed the legal services. There is no dispute that the charges of plaintiff to defendant for the legal services were fair and reasonable. Defendant's president admitted he had not paid plaintiff but had issued a check for the amount of the balance owing to William H. Perry III, individually, his son and a former member of plaintiff, after plaintiff filed this suit, and at the request of William H. Perry III.[1] There was no competent evidence that defendant was authorized to pay the balance owing to anyone other than the plaintiff. There was substantial evidence to the contrary. No error of law appears and an extended opinion would have no precedential value.

The judgment is affirmed pursuant to Rule 84.16(b).

All concur.

---

1. William H. Perry III testified the check was deposited in the trust account of Perry and Copeland, Attorneys, and thereafter the monies were invested. Copeland is a former member of plaintiff. Litigation is pending between former members and the remaining director and president of plaintiff.